|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>In re:                                             : | FOR PUBLICATION |

UNITED STATES BANKRUPTCY COURT            FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                       :

            DREIER LLP,                           :           Chapter 11
                                                      :           Case No. 08-15051 (SMB)
                                  Debtor.                :
------------------------------------------------------------X
SHEILA M. GOWAN, Chapter 11 Trustee    :
For the Estate of Dreier LLP,                 :
                                                      :
                                 Plaintiff,           :
                                                        :
            –against–                    :
                                                    :
WESTFORD ASSET MANAGEMENT LLC,  :
SGS ASSET MANAGEMENT, STAFFORD    :          Adv. Proc. No. 10-5447
TOWNE, LTD., BENNINGTON,               :
INTERNATIONAL HOLDINGS, LTD.,      :
WESTFORD SPECIAL SITUATIONS, MASTER  :
FUND L.P., ADAMS, INTERNATIONAL   :
TRADING, LTD., CARSTON SPIRES, LTD.,  :
WESTFORD GLOBAL ASSET                 :
MANAGEMENT LTD., EPSILON GLOBAL    :
MASTER FUND, LP, EPSILON GLOBAL     :
MASTER FUND II, LP, WESTFORD SPECIAL  :
SITUATIONS FUND, LTD., EPSILON        :
DISTRESSED: STRATEGIES MASTER FUND,  :
LP and STEVE STEVANOVICH,            :
                                                      :
                               Defendants.       :
------------------------------------------------------------X

**MEMORANDUM DECISION GRANTING IN PART AND DENYING
IN PART MOTION TO FILE INFORMATION UNDER SEAL**

**A P P E A R A N C E S**

DIAMOND McCARTHY LLP
Attorneys for Plaintiff
620 Eighth Avenue, 39th Floor
New York, NY 10018

     Howard D. Ressler, Esq.
     J. Benjamin King, Esq.
         Of Counsel

JONES DAY
Attorneys for Defendant
222 East 41st Street
New York, NY 10017

>   Steven C. Bennett, Esq.
>   Howard F. Sidman, Esq.
>   Michael D. Silberfarb, Esq.
>       Of Counsel

KLESTADT & WINTERS, LLP
Attorneys for Official Committee of
  Unsecured Creditors
570 Seventh Avenue, 17th Floor
New York, NY 10018

>   Tracy L. Klestadt, Esq.
>   Sean C. Southard, Esq.
>   Brendan M. Scott, Esq.
>       Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

The defendants ("Westford") have moved for an order requesting and requiring certain information to be filed under seal. After the Court initially denied the motion, (*see Memo Endorsed*, dated January 15, 2013 (ECF Doc. # 63)), Westford filed a narrower motion limited to certain excerpts of the transcript of the deposition of Steve G. Stevanovich, held June 15, 2012 ("Tr."). The plaintiff has not objected but the Official Committee of Unsecured Creditors (the "Committee") has. The Court has examined the relevant excerpts *in camera* and considered the supporting declaration of Mr. Stevanovich. (*See Declaration of Steve Stevanovich in Support of the Westford Defendants' Motion for an Order Authorizing and Requiring the Filing of Confidential Material Under Seal*, dated Jan. 17, 2013 ("*Stevanovich Declaration*") (ECF Doc. # 66).) For the reasons that follow, the motion is granted to the extent set forth below but is otherwise denied.

**DISCUSSION**

Section 107(a) of the Bankruptcy Code provides that all papers "filed in a case under this title ... are public records and open to examination" by the public.  11 U.S.C. § 107(a).  "This policy of open inspection, codified generally in § 107(a) of the Bankruptcy Code, evidences congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings."  *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.*), 21 F.3d 24, 26 (2d Cir. 2004); *accord In re Food Mgmt. Group, LLC,* 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007).  Nevertheless, a limited exception to public disclosure may be invoked to protect "an entity with respect to a trade secret or confidential research, development or commercial information."  11 U.S.C. § 107(b)(1); *accord* FED. R. BANKR. P. 9018.  The "commercial information" exception is not intended to offer a safe harbor for those who crave privacy or secrecy for its own sake.  Instead, it protects parties from the release of information that could cause them harm or give competitors an unfair advantage.  *Orion Pictures*, 21 F.3d at 27; *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003); *In re Borders Group, Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011).  The moving party bears the burden of showing that the information is confidential.  *In re Quigley Co.*, 437 B.R. 102, 153 (Bankr. S.D.N.Y. 2010); *Food Mgmt. Group*, 359 B.R. at 561; *In re Fibermark, Inc.*, 330 B.R. 480, 504 (Bankr. D. Vt. 2005).

The deposition excerpts fall into two categories.  The first describes Westford's organizational structure.  (*See* Tr. 30-41.)  The second describes how Mr. Stevanovich decides which Westford entity will make an investment or how the investment will be structured.  (Tr. 136-38.)  According to Mr. Stevanovich, the hedge fund industry is "highly competitive," private, and "if the Confidential Material were publicly disclosed, the Westford Defendants'

3

competitors could use the information contained therein to gain a strategic advantage over the Westford Defendants in the marketplace." (*Stevanovich Declaration* at ¶¶ 3-4.)

Out the outset, although I agree with Westford that the Committee lacks standing to be heard on this matter, I will nevertheless consider its objection. The Committee previously moved to intervene in the adversary proceeding. By Order dated May 3, 2011, the Court granted the motion but limited the scope of the intervention to filing a brief in opposition to a Westford's anticipated motion to dismiss and arguing in opposition at the hearing on that motion. (*Order Granting Motion of the Official Committee of Unsecured Creditors to Intervene in Adversary Proceeding*, dated May 3, 2011) (ECF Doc. # 22).) The limitation was intended to minimize the administrative expenses borne by the estate and avoid briefing and argument that duplicated the plaintiff's. Here, however, the plaintiff has not objected to Westford's motion presumably because it perceives no stake in the outcome. Thus, the concern over duplication is not present. Furthermore, I would review the motion independent of any objection, as I did when I denied Westford's original motion, and I see no reason why I should not listen to the sole dissenting voice.

As noted, the first excerpt in the deposition transcript deals with Westford's organizational structure. Although the information may be private in the sense that it is not publically available, and Westford would like to keep it so, Westford has failed to show that its disclosure in a public filing would place Westford at a competitive disadvantage. It is certainly not apparent from my review of the information, and the conclusory statements in the *Stevanovich Declaration* are not probative. Furthermore, some of this information was made public, without any apparent objection, in the letter from plaintiff's counsel to the Court

4

requesting leave to make a motion for partial summary judgment. (*See Letter to the Court*, dated Oct. 16, 2012, at 3-4 (ECF Doc. # 54).)

I reach the opposite conclusion regarding the information that begins on page 137, line 8 and continues through and including page 138, line 20 of the deposition transcript. This excerpt explains how Stevanovich decides which fund will make an investment, and involves the type of strategic decision making that could rightly be categorized as "commercial information." Although the discussion is very general, another hedge fund could conceivably copy it to its own advantage and, possibly, the disadvantage of Westford which may be competing for the same investors and same investments. Since there is no practical way to redact rather than seal this information, the motion to seal is granted to the extent indicated and is otherwise denied.

Settle order on notice.

Dated: New York, New York
January 29, 2013

*/s/ Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge