UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                       :
                                                             :
      DREIER LLP,                  :    Chapter 11
                                                             :    Case No. 08-15051 (SMB)
                     Debtor.                  :
                                                             :
------------------------------------------------------------X
SHEILA M. GOWAN, Post-Confirmation Plan                      :
Administrator for the Estate of Dreier LLP,                  :
                                                             :
                  Plaintiff,                    :
                                                             :
      –against–                                        :    Adv. Proc. No. 10-5447
                                                             :
WESTFORD ASSET MANAGEMENT LLC,                               :
*et al.*,                                                    :
                                                             :
                 Defendants.                   :
------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S
MOTION FOR A WRIT OF HABEAS CORPUS *AD TESTIFICANDUM***

The plaintiff has moved for a writ of *habeas corpus ad testificandum* to compel

the production of Marc S. Dreier, who is incarcerated in the Federal Correctional

Institution in Sandstone, Minnesota, to testify at the trial of this adversary proceeding.

The trial is scheduled to begin in October 2014. The defendants have not objected, but I

conclude that I lack the statutory authority to issue the writ.

The authority to issue a writ of *habeas corpus* is contained in 28 U.S.C. § 2241(a)

which states in relevant part:

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

The statute specifically empowers Supreme Court justices, circuit judges and district judges (*i.e.*, Article III judges) to issue the writ but omits any reference to bankruptcy judges. For this reason, the majority of the few cases to consider the issue have concluded that a bankruptcy judge lacks the statutory authority to issue a writ of *habeas corpus*. *E.g.*, *In re Kluever*, 373 B.R. 163, 164 (Bankr. M.D. Fla. 2007) ("Section 2241(a) does not imbue bankruptcy courts with the authority to issue writs of habeas corpus. Accordingly, bankruptcy courts lack such authority."); *Womack v. Mays* (*In re Womack*), 253 B.R. 247, 248 n.2 (Bankr. E.D. Ark. 2000) ("[T]his court does not have the authority to issue a writ of habeas corpus. . . . only the 'Supreme Court, any justice therefor, the district courts and any circuit judge within their respective jurisdictions,' has the authority to issue such a writ." (citation omitted) (quoting 28 U.S.C. § 2241)); *Cornelious v. Bishop* (*In re Cornelious*), 214 B.R. 588, 590 (Bankr. E.D. Ark. 1997) ("The modern authority for release from incarceration is found in 28 U.S.C. § 2241, *et seq.*, under which only the 'Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions,' has authority to issue such a writ." (quoting 28 U.S.C. § 2241)); *see Ownby v. Cohen*, No. 3:02CV00034, 2002 WL 1877519, at *5 (W.D. Va. Aug. 15, 2002) (discussing the "questionable statutory authority of bankruptcy courts to issue writs of *habeas corpus*"). [1]

---

[1] The plaintiff also makes passing reference to the Amended Standing Order of Reference (M10-468) as a basis for jurisdiction. However, it is far from clear that the District Court can refer its statutory authority to issue a writ of *habeas corpus* to the Bankruptcy Court, even if it relates to a proceeding within the jurisdiction of the Bankruptcy Court. As discussed at the end of this decision, the better approach is to seek the writ directly from the District Court.

2

This point is further strengthened by the repeal of a provision in the Bankruptcy Reform Act of 1978 granting bankruptcy courts jurisdiction to issue *habeas corpus* writs in limited circumstances. 28 U.S.C. § 2256; Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98-353, § 113 (amending the effective date of § 2256 to read "shall not be effective"). The provision would have authorized bankruptcy judges to issue *habeas corpus* writs either (i) to bring a person before the court for examination, to testify, or to perform a duty imposed on the person by title 11 or (ii) to release a debtor from custody if he had been arrested through a civil action to collect a debt. 28 U.S.C. § 2256; *see Salazar v. McCormick (In re Crestview Funeral Home, Inc.)*, No. NM-02-044, 2002 WL 31793997, at *2-3 (B.A.P. 10th Cir. Dec. 13, 2002) (discussing the history of § 2256). Courts have interpreted the enactment and subsequent repeal of § 2256 as evidence that Congress did not intend to authorize bankruptcy courts to issue *habeas corpus* writs. *In re Smith*, No. 05-2079, 2007 WL 1199253, at *1 (Bankr. M.D.N.C. Apr. 19, 2007) ("An examination of another statute, 28 U.S.C. § 2256, casts further doubt on the ability of a bankruptcy court to issue such a writ."); *Futch v. Roberts (In re Roberts)*, No. 06-04028, 2007 WL 7022207, at * 2 (Bankr. S.D. Ga. Feb. 8, 2007) ("The fact that Congress refused to allow 28 U.S.C. § 2256 to become law has led several courts to conclude that bankruptcy courts lack power to issue writs of habeas corpus."); *In re Cornelious*, 214 B.R. at 590 ("The statute which permitted the bankruptcy court to issue a writ of habeas corpus, 28 U.S.C. § 2256, never took effect. Accordingly, this Court does not have the power to order the release of the debtor."); *Griffith v. Oles (In re Hipp, Inc.)*, 895 F.2d 1503, 1517 (5th Cir. 1990) ("The power of bankruptcy courts . . . to issue writs of habeas corpus, 28 U.S.C. § 2256, [was] also repealed."); *see In re Bona*, 124 B.R. 11,

3

14 (S.D.N.Y. 1991) ("In light of that repeal [of § 2256], the authority of bankruptcy courts to grant habeas corpus writs is unclear.").

The plaintiff cites two cases in support of her contention that this Court can issue the writ. In *Surabian v. Picard* (*In re Bernard L. Madoff Inv. Sec. LLC*), No. 13 Civ. 4332 (ALC), 2014 WL 1302660 (S.D.N.Y. Mar. 31, 2014), however, neither the Bankruptcy Court nor the District Court considered the issue of the Bankruptcy Court's authority. Instead, the Bankruptcy Court declined to issue the writ on the merits and the District Court affirmed that determination.. *Id*. at *6. Thus, the decision does not support the plaintiff's position.

*Barlow v. McGee* (*In re Barlow*), No. DK 08-09465, 2010 WL 3831387, at *1 (Bankr. W.D. Mich. Sept. 20, 2010), provides stronger support for the plaintiff's jurisdictional argument. There, the Bankruptcy Court drew a distinction between a writ of *habeas corpus* to effect a prisoner's release and a writ of *habeas corpus ad testificandum*, which calls for the temporary production of the prisoner to give testimony, and concluded that it could issue the latter type of writ. *Id.* at *1. The Bankruptcy Court nevertheless rejected the application for the writ on the merits, and added that "if the court were inclined to grant to writ, it would consider making a report and recommendation to the United States District Court" rather than directly issuing the order. *Id.* at n.1.

While I appreciate the distinction between a writ of *habeas corpus* that releases a prisoner from custody and one that simply requires his production under appropriate security measures for the purpose of testifying, the statute does not make the distinction.

4

Furthermore, neither Bankruptcy Code § 105(a) nor 28 U.S.C. § 1651 permits a Bankruptcy Court to issue the writ because "a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere." *Law v. Siegel*, 134 S. Ct. 1188, 1194 (2014) (discussing Bankruptcy Code § 105(a)); *see Bryan v. Rainwater*, 254 B.R. 273, 276 (N.D. Ala. 2000) (vacating bankruptcy court order that relied on 11 U.S.C. § 105(a) to issue writ of *habeas corpus* in light of clear language in 28 U.S.C. § 2241).

Finally, the plaintiff notes that the District Court adopted Local Civil Rule 72.1(c), which authorizes magistrate judges to issue, *inter alia*, writs of *habeas corpus ad testificandum*, and implies that the rule supports her jurisdictional argument. First, the rule does not apply to bankruptcy judges. Second, the fact that the District Court adopted such a rule implies its view that magistrate judges otherwise lacked the authority to issue writs of *habeas corpus ad testificandum*.

The proper federal process in a case such as this is through an action in the District Court. *See Bryan v. Rainwater*, 254 B.R. at 276. Accordingly, the plaintiff's motion is denied without prejudice to apply for the writ in the District Court.

So ordered.

Dated: New York, New York
       July 30, 2014

                                        /s/ *Stuart M. Bernstein*
                                        STUART M. BERNSTEIN
                                        United States Bankruptcy Judge

5